Labauve, J.
The petition alleges that William Smith Calhoun and his father, Meredith Calhoun, are indebted in solido to the plaintiff, in the sum of $8,302 50, upon a note of the following tenor:
“Alexandria, La., January 17th, 18G1.
$8,302 50. In twelve months, I pi-oaiise to pay to the order of John Bogan, Sr., the sum of eight thousand three hundred and two dollars and fifty cents, for value received, bearing eight per cent, per annum interest.” (Signed) “William Smith Calhoun.”
Judgment was rendered against William Smith Calhoun alone in favor of plaintiff, and against plaintiff in favor of Meredith Calhoun, as in a case of nonsuit. The plaintiff appealed.
The case was taken up on a default, defendant having failed to answer.
On trial plaintiff offered to prove, by competent witnesses, that Meredith Calhoun was really the borrower of the money, and that William S. Calhoun acted as his agent as well as surety. The Court ex propria niotu refused to admit the testimony, on the grounds that the note is not signed by Calhoun, as an agent, etc.
Wi/are clearly of opinion that the Court did not err. Had the evidence offered been received, it would have changed and disnatured the note sued upon by parol evidence (C. C., Art. 2256) so much so that the maker, who is a simple debtor on the face of the note, would have been changed into a surety and agent, and another debtor substituted in his stead; the defendants having made default, the Court was bound to receive only legal testimony. 10 A. 76G.
William S. Calhoun, the appellee, prays that the judgment be amended by allowing interest only from the time the note became due. It has been decided by this Court, that a note payable on time, with interest, bears interest from date, because the stipulation of interest is not made in default of payment; it is presumed that the maker intended to pay the note when due; and had he done so, could ho have said: I owe but the principal ? We think not.
It is therefore ordered and decreed, that the judgment appealed from be affirmed, and that the plaintiff and appellant pay costs of appeal.